Nicholas J. Santoro (Nev. Bar No. 532)
Jason D. Smith (Nev. Bar No. 9691)
**SANTORO WHITMIRE, LTD.**
10100 W. Charleston Blvd., Suite 250
Las Vegas, NV 89135
Tel.:  (702) 948-8771 / Fax:  (702) 948-8773
E-mail:  nsantoro@santoronevada.com,
jsmith@santoronevada.com

Christopher N. Sipes (*pro hac vice* forthcoming)
Einar Stole (*pro hac vice* forthcoming)
Michael N. Kennedy (*pro hac vice* forthcoming)
Megan P. Keane (*pro hac vice* forthcoming)
Eric R. Sonnenschein (*pro hac vice* forthcoming)
Alaina M. Whitt (*pro hac vice* forthcoming)
**COVINGTON & BURLING LLP**
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
Tel.:  (202) 662-6000 / Fax:  (202) 662-6291
E-mail:  csipes@cov.com, estole@cov.com,
mkennedy@cov.com, mkeane@cov.com,
esonnenschein@cov.com, awhitt@cov.com

*Attorneys for Plaintiffs Amarin Pharma, Inc. and
Amarin Pharmaceuticals Ireland Limited*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| AMARIN PHARMA, INC. and AMARIN PHARMACEUTICALS IRELAND LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,<br><br>        Defendants. | Case No.:  2:18-cv-01596<br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiffs Amarin Pharma, Inc. and Amarin Pharmaceuticals Ireland Limited (collectively, "Plaintiffs" or "Amarin"), by their attorneys, for their complaint against Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "Defendants" or "DRL") allege as follows:

## Nature of the Action

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular under 35 U.S.C. § 271(a-c, e) for infringement of U.S. Patent No. 8,293,728 ("the '728 Patent"), U.S. Patent No. 8,318,715 ("the '715 Patent"), U.S. Patent No. 8,357,677 ("the '677 Patent"), U.S. Patent No. 8,367,652 ("the '652 Patent"), U.S. Patent No. 8,377,920 ("the '920 Patent"), U.S. Patent No. 8,415,335 ("the '335 Patent"), U.S. Patent No. 8,426,399 ("the '399 Patent"), U.S. Patent No. 8,440,650 ("the '650 Patent"), U.S. Patent No. 8,518,929 ("the '929 Patent"), U.S. Patent No. 8,524,698 ("the '698 Patent"), U.S. Patent No. 8,546,372 ("the '372 Patent"), and U.S. Patent No. 8,617,594 ("the '594 Patent").  This action relates to an Abbreviated New Drug Application ("ANDA") No. 209499 filed by or for the benefit of Defendants with the United States Food and Drug Administration ("FDA") for approval to market generic versions of Plaintiffs' VASCEPA® pharmaceutical products that are sold in the United States, including within this judicial district.

## The Parties

2.      Plaintiff Amarin Pharma, Inc. is a company organized and existing under the laws of Delaware with its principal place of business at 1430 Route 206, Bedminster, NJ 07921.

3.      Plaintiff Amarin Pharmaceuticals Ireland Limited is a company incorporated under the laws of Ireland with registered offices at 88 Harcourt Street, Dublin 2, Dublin, Ireland.

4.      Upon information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a company organized and existing under the laws of New Jersey with its principal place of business at 107 College Road East, Princeton, New Jersey 08540.

5.      Upon information and belief, Defendant Dr. Reddy's Laboratories, Ltd. is a public limited liability company organized and existing under the laws of India and having a

principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Andhra Pradesh 500 034, India.

6.    Upon information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a wholly-owned subsidiary of Dr. Reddy's Laboratories, Ltd.

7.    Upon information and belief, Defendants either directly or through one or more of their wholly owned subsidiaries and/or agents, develop, manufacture, distribute, market, offer to sell, and sell generic drug products for sale and use throughout the United States, including within this judicial district.

8.    Upon information and belief, Dr. Reddy's Laboratories, Inc., with the assistance and/or at the direction of Dr. Reddy's Laboratories, Ltd., develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this judicial district.

**Jurisdiction and Venue**

9.    This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the U.S. Code, for infringement of the '728 Patent, the '715 Patent, the '677 Patent, the '652 Patent, the '920 Patent, the '335 Patent, the '399 Patent, the '650 Patent, the '929 Patent, the '698 Patent, the '372 Patent, and the '594 Patent.

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    On information and belief and as stated in a letter dated July 11, 2018 sent by Defendants to Amarin (the "July Notice Letter"), Defendants prepared and filed patent certifications with the FDA in support of ANDA No. 209499 with the intention of seeking to market a generic version of the 500 mg strength of Amarin's VASCEPA® product ("generic VASCEPA® 500 mg product"), including within this judicial district.

12.    Upon information and belief, Defendants regularly conduct business in Nevada, either directly or through one or more of their wholly owned subsidiaries and/or agents.

13.     Upon information and belief, Defendants are licensed to sell generic pharmaceutical products in Nevada, either directly or through one or more of their wholly owned subsidiaries and/or agents.

14.     Upon information and belief, Defendants receive Medicaid reimbursements for drugs sold in Nevada, either directly or through one or more of their wholly owned subsidiaries and/or agents.

15.     Upon information and belief, Defendants plan to sell a generic VASCEPA® 500 mg product in Nevada, list a generic VASCEPA® 500 mg product on Nevada's prescription drug formulary, and seek Medicaid reimbursements for sales of a generic VASCEPA® 500 mg product in Nevada, either directly or through one or more of their wholly owned subsidiaries and/or agents.

16.     DRL's outside counsel stated in an August 15, 2018 email to Plaintiffs' counsel that "DRL will not object to jurisdiction or venue in the District of Nevada regarding DRL's 500 mg ANDA." This civil suit concerns the 500 mg icosapent ethyl product that DRL seeks to market.

17.     Upon information and belief, by virtue of, *inter alia*, Defendants' sales-related activities in Nevada, including but not limited to the substantial, continuous, and systematic distribution, marketing, and/or sales of pharmaceutical products to residents of Nevada described in paragraphs 11–15, this Court has general personal jurisdiction over Defendants.

18.     Upon information and belief, by virtue of, *inter alia*, Defendants' continuous and systematic contacts with Nevada, including but not limited to the contacts described in paragraphs 11–15, this Court has specific personal jurisdiction over Defendants.  These activities satisfy due process and confer personal jurisdiction over Defendants consistent with Nevada law. *See, e.g.*, *Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 762–63 (Fed. Cir. 2016) (holding that minimum-contacts requirement for specific personal jurisdiction is established where the defendant's "ANDA filings and its distribution channels establish that [the defendant] plans to market its proposed drugs in [the State where the complaint was filed] and the lawsuit is

about patent constraints on such in-State marketing.").  In addition, as described in paragraph 16, DRL does not object to the Court's exercise of personal jurisdiction over DRL for the purpose of this litigation.

19.     On the basis of at least the facts alleged in paragraphs 11–18, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  In addition, related actions in which the patents asserted in this case are asserted against DRL and other defendants are pending in this district.  *Amarin Pharma Inc. v. Hikma Pharmaceuticals USA Inc.*, 2:16-cv-02525-MMD-NJK (D. Nev. filed Oct. 31, 2016); *Amarin Pharma Inc. v. Dr. Reddy's Laboratories, Inc.*, 2:16-cv-02562-MMD-NJK (D. Nev. filed Nov. 4, 2016).  Moreover, as described in paragraph 16, DRL does not object to venue in this judicial district for the purpose of this litigation.

## Regulatory Requirements for New and Generic Drugs

20.     A person wishing to market a new drug that has not previously been approved by the U.S. Food and Drug Administration ("FDA") (a "pioneering" drug) must file a New Drug Application ("NDA") with the FDA demonstrating that the drug is safe and effective for its intended use.  21 U.S.C. § 355(b).

21.     A person wishing to market a generic copy of a drug that previously has been approved by the FDA may follow a truncated approval process by filing an Abbreviated New Drug Application ("ANDA") for a generic version of that drug.  In the ANDA, the applicant must demonstrate, among other things, bioequivalence of the generic copy with the pioneering drug.  21 U.S.C. § 355(j)(2)(A)(iv).

22.     Unlike an NDA applicant, an ANDA applicant is not required to include safety and effectiveness data.  Instead, the ANDA applicant is permitted to rely on the approval of the NDA applicant's drug—in essence, piggybacking on the NDA application and safety and effectiveness conclusions.  21 U.S.C. § 355(j).

23.     Nor does an ANDA applicant establish any new conditions of use for the proposed drug product.  Instead, an ANDA applicant may seek approval only for conditions of

5

use that previously have been approved in connection with an approved NDA.  21 U.S.C.

§ 355(j)(2)(A)(i).

### The Approved Drug Product

24.     Amarin Pharmaceuticals Ireland Limited is the current holder of NDA No. 202057 for 1 g and 500 mg icosapent ethyl capsules.  NDA No. 202057 was first approved by the FDA on July 26, 2012 for the 1 g strength of icosapent ethyl capsules.  A supplement to NDA No. 202057 for the 500 mg strength of icosapent ethyl capsules was approved on February 16, 2017.  Amarin Pharma, Inc. is Amarin Pharmaceuticals Ireland Limited's agent in the United States for purposes of communicating with the FDA regarding NDA No. 202057. Amarin Pharmaceuticals Ireland Limited and Amarin Pharma, Inc. market both strengths of the approved drug product under the tradename VASCEPA®.

25.     VASCEPA® is indicated as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  A true, correct, and complete copy of the FDA-approved Prescribing Information for VASCEPA®, covering both the 1 g and 500 mg strengths, is attached as Exhibit A.

26.     FDA has listed the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents in the Orange Book—formally known as Approved Drug Products With Therapeutic Equivalence Evaluations—in connection with NDA No. 202057, including for the 500 mg strength of VASCEPA®.

27.     Amarin Pharmaceuticals Ireland Limited is the owner of the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents.

### ANDA No. 209499

28.     Upon information and belief, on or before September 22, 2016, Defendants, through Dr. Reddy's Laboratories, Inc., submitted to the FDA ANDA No. 209499, for 1 g icosapent ethyl capsules purportedly bioequivalent to VASCEPA®, along with a certification under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "first paragraph IV certification").

29.     On November 4, 2016, Plaintiffs filed a complaint against Defendants in this Court alleging that Defendants' proposed generic 1 g icosapent ethyl capsules infringe Amarin Pharmaceuticals Ireland Limited's patents.  *See* 2:16-cv-02562-MMD-NJK, ECF No. 1.

30.     Upon information and belief, on or before July 11, 2018, Defendants, through Dr. Reddy's Laboratories, Inc., submitted to the FDA a second paragraph IV certification under § 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), in support ANDA No. 209499, for 500 mg icosapent ethyl capsules purportedly bioequivalent to VASCEPA® (the "second paragraph IV certification").

31.     Upon information and belief, the indication set forth in the proposed labeling submitted in ANDA No. 209499, covering generic versions of the 1 g and 500 mg strengths of VASCEPA®, is to reduce triglyceride levels in adult patients with severe hypertriglyceridemia, *i.e.*, the same indication as that set forth in the approved labeling for VASCEPA®.

32.     Upon information and belief, the July Notice Letter represented that Defendants had submitted to the FDA a second paragraph IV certification in support of ANDA No. 209499 for the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents.

33.     Upon information and belief, the purpose of ANDA No. 209499 and DRL's paragraph IV certifications is to obtain approval under section 505(j) of the FDCA to engage in the commercial manufacture and sale of generic versions of both the 1 g and 500 mg strengths of VASCEPA® before the expiration of the patents listed in the Orange Book for NDA No. 202057.  Hence, Defendants' purpose in submitting ANDA No. 209499 and the paragraph IV certifications is to market products described therein before expiration of the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents.

34.     This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## Count I: Patent Infringement of the '728 Patent

35.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 34 above.

36.     United States Patent No. 8,293,728, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on October 23, 2012.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '728 Patent.  A true and complete copy of the '728 Patent is attached hereto as Exhibit B.

37.     Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of the 500 mg strength of VASCEPA® before the expiration of the '728 Patent.

38.     Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '728 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

39.     Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '728 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '728 Patent.

40.     Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement

of the '728 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

41.     Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '728 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

42.     Defendants gave written notice of their certification of invalidity and/or non-infringement of the '728 Patent, alleging that claims of the '728 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '728 Patent.

43.     Defendants have infringed the '728 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic version of the 500 mg strength of VASCEPA® prior to the expiration of the '728 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '728 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

44.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '728 Patent.  Plaintiffs do not have an adequate remedy at law.

**Count II: Patent Infringement of the '715 Patent**

45.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 44 above.

46.     United States Patent No. 8,318,715, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and

Trademark Office on November 27, 2012.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '715 Patent.  A true and complete copy of the '715 Patent along with the certificate of correction is attached hereto as Exhibit C.

47.     Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of the 500 mg strength of VASCEPA® before the expiration of the '715 Patent.

48.     Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '715 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

49.     Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '715 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '715 Patent.

50.     Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '715 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

51.     Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '715 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

52.     Defendants gave written notice of their certification of invalidity and/or non-infringement of the '715 Patent, alleging that claims of the '715 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '715 Patent.

53.     Defendants have infringed the '715 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '715 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '715 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

54.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '715 Patent.  Plaintiffs do not have an adequate remedy at law.

**Count III: Patent Infringement of the '677 Patent**

55.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 54 above.

56.     United States Patent No. 8,357,677, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on January 22, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '677 Patent.  A true and complete copy of the '677 Patent is attached hereto as Exhibit D.

57.     Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '677 Patent.

58.     Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '677 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

59.     Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '677 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '677 Patent.

60.     Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '677 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

61.     Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '677 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

62.     Defendants gave written notice of their certification of invalidity and/or non-infringement of the '677 Patent, alleging that claims of the '677 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '677 Patent.

63.     Defendants have infringed the '677 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '677 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '677 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

64.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '677 Patent.  Plaintiffs do not have an adequate remedy at law.

### Count IV: Patent Infringement of the '652 Patent

65.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 64 above.

66.     United States Patent No. 8,367,652, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on February 5, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '652 Patent.  A true and complete copy of the '652 Patent is attached hereto as Exhibit E.

67.     Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '652 Patent.

68.     Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '652 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

69.     Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '652 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '652 Patent.

70.     Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '652 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

71.     Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '652 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

72.     Defendants gave written notice of their certification of invalidity and/or non-infringement of the '652 Patent, alleging that claims of the '652 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture,

use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '652 Patent.

73.    Defendants have infringed the '652 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '652 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '652 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

74.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '652 Patent.  Plaintiffs do not have an adequate remedy at law.

## Count V: Patent Infringement of the '920 Patent

75.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 74 above.

76.    United States Patent No. 8,377,920, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on February 19, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '920 Patent.  A true and complete copy of the '920 Patent is attached hereto as Exhibit F.

77.    Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '920 Patent.

78.    Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '920 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

79.    Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to

1   human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe

2   hypertriglyceridemia.  This administration by, for example, physicians would constitute direct

3   infringement, either literally or under the doctrine of equivalents, of one or more claims of the

4   '920 Patent.  Upon information and belief, this infringement will occur at Defendants' behest,

5   with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales,

6   marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet

7   to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at

8   least these reasons, Defendants will actively induce, encourage, aid, and abet administration of

9   the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs'

10   rights under the '920 Patent.

11        80.   Defendants' manufacture, use, offer for sale, or sale in the United States, or

12   importation into the United States, of the generic VASCEPA® 500 mg product for which

13   approval is sought in ANDA No. 209499 would actively induce and contribute to infringement

14   of the '920 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b)

15   and/or (c).

16        81.   Upon information and belief, as part of the ANDA filing, Defendants

17   purportedly provided written certification to the FDA that the claims of the '920 Patent are

18   invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic

19   VASCEPA® 500 mg product.

20        82.   Defendants gave written notice of their certification of invalidity and/or non-

21   infringement of the '920 Patent, alleging that claims of the '920 Patent are invalid and/or that

22   certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and

23   informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture,

24   use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the

25   expiration of the '920 Patent.

26        83.   Defendants have infringed the '920 Patent under 35 U.S.C. § 271(e)(2)(A) by

27   virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking

28

FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '920 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '920 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

84.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '920 Patent.  Plaintiffs do not have an adequate remedy at law.

## Count VI: Patent Infringement of the '335 Patent

85.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 84 above.

86.    United States Patent No. 8,415,335, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on April 9, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '335 Patent.  A true and complete copy of the '335 Patent is attached hereto as Exhibit G.

87.    Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '335 Patent.

88.    Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '335 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

89.    Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '335 Patent.  Upon information and belief, this infringement will occur at Defendants' behest,

with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '335 Patent.

90.    Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '335 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

91.    Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '335 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

92.    Defendants gave written notice of their certification of invalidity and/or non-infringement of the '335 Patent, alleging that claims of the '335 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '335 Patent.

93.    Defendants have infringed the '335 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '335 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '335 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

94.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '335 Patent.  Plaintiffs do not have an adequate remedy at law.

**Count VII: Patent Infringement of the '399 Patent**

95.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 94 above.

96.     United States Patent No. 8,426,399, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on April 23, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '399 Patent.  A true and complete copy of the '399 Patent along with the certificate of correction is attached hereto as Exhibit H.

97.     Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '399 Patent.

98.     Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '399 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

99.     Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '399 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of

the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '399 Patent.

100.   Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '399 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

101.   Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '399 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

102.   Defendants gave written notice of their certification of invalidity and/or non-infringement of the '399 Patent, alleging that claims of the '399 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '399 Patent.

103.   Defendants have infringed the '399 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '399 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '399 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

104.   Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '399 Patent.  Plaintiffs do not have an adequate remedy at law.

**<u>Count VIII: Patent Infringement of the '650 Patent</u>**

105.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 104 above.

106.    United States Patent No. 8,440,650, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on May 14, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '650 Patent.  A true and complete copy of the '650 Patent is attached hereto as Exhibit I.

107.    Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '650 Patent.

108.    Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '650 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

109.    Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '650 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '650 Patent.

110.    Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '650 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

111.    Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '650 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

112.    Defendants gave written notice of their certification of invalidity and/or non-infringement of the '650 Patent, alleging that claims of the '650 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '650 Patent.

113.    Defendants have infringed the '650 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '650 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '650 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

114.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '650 Patent.  Plaintiffs do not have an adequate remedy at law.

### Count IX: Patent Infringement of the '929 Patent

115.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 114 above.

116.     United States Patent No. 8,518,929, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '929 Patent.  A true and complete copy of the '929 Patent is attached hereto as Exhibit J.

117.     Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '929 Patent.

118.     Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '929 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

119.     Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '929 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '929 Patent.

120.     Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement

of the '929 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

121.    Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '929 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

122.    Defendants gave written notice of their certification of invalidity and/or non-infringement of the '929 Patent, alleging that claims of the '929 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '929 Patent.

123.    Defendants have infringed the '929 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '929 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '929 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

124.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '929 Patent.  Plaintiffs do not have an adequate remedy at law.

**Count X: Patent Infringement of the '698 Patent**

125.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 124 above.

126.    United States Patent No. 8,524,698, entitled "METHODS OF TREATING HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and Trademark Office on September 3, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is

the owner of the '698 Patent.  A true and complete copy of the '698 Patent along with the certificate of correction is attached hereto as Exhibit K.

127.    Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '698 Patent.

128.    Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '698 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

129.    Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '698 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '698 Patent.

130.    Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '698 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

131.    Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '698 Patent are

1  invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic

2  VASCEPA® 500 mg product.

3      132.    Defendants gave written notice of their certification of invalidity and/or non-

4  infringement of the '698 Patent, alleging that claims of the '698 Patent are invalid and/or that

5  certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and

6  informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture,

7  use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the

8  expiration of the '698 Patent.

9      133.    Defendants have infringed the '698 Patent under 35 U.S.C. § 271(e)(2)(A) by

10  virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking

11  FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to

12  the expiration of the '698 Patent.  Moreover, if Defendants commercially use, offer for sale, or

13  sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they

14  would further infringe the '698 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

15      134.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from

16  infringing or actively inducing or contributing to infringement of the '698 Patent.  Plaintiffs do

17  not have an adequate remedy at law.

18  **Count XI: Patent Infringement of the '372 Patent**

19      135.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to

20  134 above.

21      136.    United States Patent No. 8,546,372, entitled "METHODS OF TREATING

22  HYPERTRIGLYCERIDEMIA," was duly and legally issued by the United States Patent and

23  Trademark Office on October 1, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the

24  owner of the '372 Patent.  A true and complete copy of the '372 Patent is attached hereto as

25  Exhibit L.

26      137.    Upon information and belief, Defendants submitted ANDA No. 209499 and the

27  second paragraph IV certification to the FDA seeking approval to engage in the commercial

28

1    manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the

2    expiration of the '372 Patent.

3           138.    Defendants' manufacture, use, offer for sale, or sale of such product would

4    infringe the claims of the '372 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

5           139.    Upon information and belief, if approved, the generic VASCEPA® 500 mg

6    product for which approval is sought in Defendants' ANDA No. 209499 will be administered to

7    human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe

8    hypertriglyceridemia.  This administration by, for example, physicians would constitute direct

9    infringement, either literally or under the doctrine of equivalents, of one or more claims of the

10   '372 Patent.  Upon information and belief, this infringement will occur at Defendants' behest,

11   with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales,

12   marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet

13   to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at

14   least these reasons, Defendants will actively induce, encourage, aid, and abet administration of

15   the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs'

16   rights under the '372 Patent.

17          140.    Defendants' manufacture, use, offer for sale, or sale in the United States, or

18   importation into the United States, of the generic VASCEPA® 500 mg product for which

19   approval is sought in ANDA No. 209499 would actively induce and contribute to infringement

20   of the '372 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b)

21   and/or (c).

22          141.    Upon information and belief, as part of the ANDA filing, Defendants

23   purportedly provided written certification to the FDA that the claims of the '372 Patent are

24   invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic

25   VASCEPA® 500 mg product.

26          142.    Defendants gave written notice of their certification of invalidity and/or non-

27   infringement of the '372 Patent, alleging that claims of the '372 Patent are invalid and/or that

28

certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '372 Patent.

143.   Defendants have infringed the '372 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '372 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '372 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

144.   Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '372 Patent.  Plaintiffs do not have an adequate remedy at law.

### Count XII: Patent Infringement of the '594 Patent

145.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 144 above.

146.   United States Patent No. 8,617,594, entitled "STABLE PHARMACEUTICAL COMPOSITION AND METHODS OF USING SAME," was duly and legally issued by the United States Patent and Trademark Office on December 31, 2013.  Plaintiff Amarin Pharmaceuticals Ireland Limited is the owner of the '594 Patent.  A true and complete copy of the '594 Patent is attached hereto as Exhibit M.

147.   Upon information and belief, Defendants submitted ANDA No. 209499 and the second paragraph IV certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic VASCEPA® 500 mg product before the expiration of the '594 Patent.

148.   Defendants' manufacture, use, offer for sale, or sale of such product would infringe the claims of the '594 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

149.    Upon information and belief, if approved, the generic VASCEPA® 500 mg product for which approval is sought in Defendants' ANDA No. 209499 will be administered to human patients as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  This administration by, for example, physicians would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '594 Patent.  Upon information and belief, this infringement will occur at Defendants' behest, with their intent, knowledge, and encouragement as a result of, for example, Defendants' sales, marketing, and distribution of their generic VASCEPA® 500 mg product as an adjunct to diet to reduce triglyceride levels in adult patients with severe hypertriglyceridemia.  Therefore, for at least these reasons, Defendants will actively induce, encourage, aid, and abet administration of the generic VASCEPA® 500 mg product with knowledge that it is in contravention of Plaintiffs' rights under the '594 Patent.

150.    Defendants' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic VASCEPA® 500 mg product for which approval is sought in ANDA No. 209499 would actively induce and contribute to infringement of the '594 Patent, and Defendants would be liable as infringers under 35 U.S.C. § 271(b) and/or (c).

151.    Upon information and belief, as part of the ANDA filing, Defendants purportedly provided written certification to the FDA that the claims of the '594 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Defendants' generic VASCEPA® 500 mg product.

152.    Defendants gave written notice of their certification of invalidity and/or non-infringement of the '594 Patent, alleging that claims of the '594 Patent are invalid and/or that certain claims would not be infringed by Defendants' generic VASCEPA® 500 mg product, and informing Plaintiffs that Defendants seek approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to the 500 mg strength of VASCEPA® prior to the expiration of the '594 Patent.

153.    Defendants have infringed the '594 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 209499 and the second paragraph IV certification, and seeking FDA approval of ANDA No. 209499 to market a generic VASCEPA® 500 mg product prior to the expiration of the '594 Patent.  Moreover, if Defendants commercially use, offer for sale, or sell their generic VASCEPA® 500 mg product, or induce or contribute to such conduct, they would further infringe the '594 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

154.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '594 Patent.  Plaintiffs do not have an adequate remedy at law.

### Prayer for Relief

WHEREFORE, Plaintiffs seek the following relief:

A.    A judgment that Defendants have infringed the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents under 35 U.S.C. § 271(e)(2)(A);

B.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 209499 is not earlier than the expiration date of the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents, or any later expiration of exclusivity for the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents to which Plaintiffs are or become entitled;

C.    A permanent injunction restraining and enjoining Defendants and their officers, agents, servants, employees, parents, subsidiaries, divisions, affiliates, and those persons in active concert or participation with any of them, from making, using, selling, offering to sell, or importing any product that infringes the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents, including the product described in ANDA No. 209499;

D.    A judgment declaring that making, using, selling, offering to sell, or importing the product described in ANDA No. 209499, or inducing or contributing to such conduct, would constitute infringement of the '728, '715, '677, '652, '920, '335, '399, '650, '929, '698, '372, and '594 Patents by Defendants pursuant to 35 U.S.C. § 271(a), (b), and/or (c);

E.      A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

F.      Costs and expenses in this action; and

G.      Such further and other relief as this Court determines to be just and proper.


DATED:  August 24, 2018                     Respectfully submitted,


                                            */s/ Jason D. Smith*
                                            Nicholas J. Santoro (Nev. Bar No. 532)
                                            Jason D. Smith (Nev. Bar No. 9691)
                                            SANTORO WHITMIRE, LTD.
                                            10100 W. Charleston Blvd., Suite 250
                                            Las Vegas, NV 89135
                                            Tel:  (702) 948-8771 / Fax:  (702) 948-8773
                                            E-mail:  nsantoro@santoronevada.com,
                                            jsmith@santoronevada.com


                                            Christopher N. Sipes (*pro hac vice* forthcoming)
                                            Einar Stole (*pro hac vice* forthcoming)
                                            Michael N. Kennedy (*pro hac vice* forthcoming)
                                            Megan P. Keane (*pro hac vice* forthcoming)
                                            Eric R. Sonnenschein (*pro hac vice* forthcoming)
                                            Alaina M. Whitt (*pro hac vice* forthcoming)
                                            COVINGTON & BURLING LLP
                                            One CityCenter, 850 Tenth Street, NW
                                            Washington, DC 20001
                                            Tel:  (202) 662-6000 / Fax:  (202) 662-6291
                                            E-mail:  csipes@cov.com, estole@cov.com,
                                            mkennedy@cov.com, mkeane@cov.com,
                                            esonnenschein@cov.com, awhitt@cov.com

                                            *Attorneys for Plaintiffs Amarin Pharma, Inc. and
                                            Amarin Pharmaceuticals Ireland Limited*